# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES - ORDER

Case No.:   CV 10-00422 R (AN)                                     Dated: April 29, 2010

Title:   Marcus Vegorio Robinson v. J. Walker, warden
==================================================================
Present:  **Hon. Arthur Nakazato, United States Magistrate Judge**
(In Chambers - No Appearances)

<u>Melissa Cash</u>                                                      <u>None</u>
Deputy Clerk                                                    Court Reporter

**Proceedings:**   Respondent's motion to dismiss (dkt. 7) and Order to Show Cause thereon ("OSC")

**Rulings:**   Respondent shall have until May 6, 2010, to file and serve either: (1) a response to this OSC; or (2) a notice of withdrawal of the motion to dismiss. If the motion to dismiss is withdrawn, Respondent shall file and serve his Answer to the Petition on or before June 3, 2010, and Petitioner must file his Reply by July 8, 2010. Alternatively, if the motion to dismiss is not withdrawn and Respondent elects to file a response to this OSC, the court will consider Respondent's response to determine how to proceed. Petitioner's time to file and serve an opposition to the motion to dismiss is stayed until the court directs otherwise.

**Discussion:**

On April 13, 2010, Respondent filed his pending motion to dismiss the Petition. The motion to dismiss is electronically signed by deputy attorney general E. Carlos Dominguez, one of Respondent's counsel of record in this matter. By signing and presenting the motion to the court, Dominguez certified the motion was not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, that it is based upon non-frivolous arguments, and that the factual contentions have evidentiary support. *See* Rule[1/] 11(b) (1)-(3).

Respondent's motion is made on the basis that the entire Petition is subject to

---

[1/]   "Rule" refers to the Federal Rules of Civil Procedure.

Marcus Vegorio Robinson v. J. Walker, warden
CV 10-00422 R (AN)
April 29, 2010
Page 2
================================================================================

dismissal as an unexhausted petition because none of the six claims are exhausted. (Motion to Dismiss at 1, 5, 11.) However, the court's preliminary review of the motion to dismiss shows this argument is frivolous for the reasons explained below. Under the circumstances, the court feels compelled to make its tentative findings known to the parties, particularly before Petitioner is required to spend time preparing a response, and to request Respondent to show cause why a Rule 11 hearing should not be convened in the event the motion to dismiss is not withdrawn.

The Petition raises six grounds for federal habeas relief, which Petitioner describes in a very clear and concise manner. (Pet., ¶ 7.) The Petition establishes grounds 4, 5, and 6 were exhausted on direct review. (*Id.*) Moreover, the petition for review (Lodged Doc. 4) that Petitioner filed with the California Supreme Court also confirms these claims were exhausted on direct review. Consequently, it plainly appears the Petition is, at best, a mixed petition; not a fully unexhausted petition as Respondent contends.

But this is not the only problem. Respondent principally contends the entire Petition must be dismissed as an unexhausted petition because grounds 1, 2, and 3 are unexhausted to the extent these claims were presented to the California Supreme Court on collateral review in a procedurally defective manner.

Petitioner filed four habeas petitions with the state courts; the first petition was filed with the superior court, the second and third petitions were filed with the court of appeal, and the fourth petition was filed with the state high court. The fourth petition filed with the state high court establishes Petitioner presented grounds 1, 2, and 3, respectively, as follows: (1) "Petitioner's federal constitutional right to effective assistance of counsel during trial was denied where trial counsel failed to impeach prosecutor's percipient witnesses[;]" (2) "Petitioner's federal constitutional right to effective assistance of counsel was denied where counsel failed to investigate[;]" and (3) "Petitioner's federal constitutional right to effective assistance of counsel on appeal was violated where counsel on appeal failed to raise the claims in grounds 1 and 2 inclusive." (6/18/09 State Habeas Pet. (Lodged Doc. 12), ¶ 6.) Further, below each ground, Petitioner set forth the operative facts in an equally clear and precise manner. (*Id.*) The state high court denied the fourth petition without comment. (11/10/09 Order (Lodged Doc. 13).)

Marcus Vegorio Robinson v. J. Walker, warden
CV 10-00422 R (AN)
April 29, 2010
Page 3
=================================================================================

Respondent's argument that grounds 1, 2 and 3 are unexhausted is based upon the following contention. Under *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590 (1991), this court must look through the state high court's silent denial of the fourth habeas petition and review the lower state courts' orders to determine why they denied the first, second, and third habeas petitions. (Motion to Dismiss at 5-8.) Respondent contends the superior court denied the first petition, and "the California Court of Appeal denied Petitioner's [second and third] habeas petitions on the ground that his claims were not pled with particularity," based upon citations to *In re Clark*, 5 Cal. 4th 750, 765-67 (1993), *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (*Id.* at 6.) Respondent argues grounds 1, 2, and 3 are unexhausted because *Clark*, *Swain* and *Duvall* denials involve correctable procedural defects.

However, there are several factual and legal flaws with Respondent's contention that grounds 1, 2 and 3 are unexhausted.

First, only Petitioner's fourth state habeas petition raised grounds 1, 2 and 3; the first, second and third state habeas petitions only raised grounds 1 and 2. Accordingly, the state high court's silent denial of ground 3 means this claim was denied on the merits, only leaving grounds 1 and 2 as being possibly unexhausted under Respondent's theory.

Second, as for grounds 1 and 2, the *Ylst* look through doctrine requires this court to look through a silent denial to the "last reasoned decision," not every earlier decision as Respondent suggests. *Ylst*, 501 U.S. at 803, 805; *Ali v. Hickman*, 571 F.3d 902, 909 n. 5 (9th Cir. 2009). The last reasoned decision below the state high court's silent denial of the fourth petition was the court of appeal's 5/6/09 order denying the third petition, which provides:

> The petition for writ of habeas corpus, filed April 28, 2009, has been read and considered with the appeal (B189201) and a prior substantially identical writ petition (B213923). It is well established that a court, absent changed circumstances not present here, will not consider issues previously rejected. (*In re Clark* (1993) 5 Cal. 4th 750, 765-766; *Hagan v. Superior Court* (1962) 57 Cal. 2d 767, 769-771; *In re Waltreus* (1965) 62 Cal. 2d 218,

Marcus Vegorio Robinson v. J. Walker, warden
CV 10-00422 R (AN)
April 29, 2010
Page 4
==============================================================================

225.)  The petition is denied.

(Lodged Doc. 11.)  The court of appeal's 5/6/09 order undeniably reveals that it did not cite *Duvall*, therefore, it did not deny grounds 1 and 2 based upon *Duvall* as erroneously suggested in Respondent's motion to dismiss.  Consequently, Respondent's reliance on *Duvall* is misplaced.  Further, although the superior court's order cited *Duvall* along with four other state cases, it is not the last reasoned decision.  *Waltreus* holds claims presented on direct review ordinarily may not be relitigated on state habeas, therefore, the court of appeals citation to *Waltreus* clearly only applies to grounds 4, 5 and 6.

A *Clark* citation means the petitioner failed to provide an adequate explanation or justification for any delay and/or the piecemeal manner in which he has presented his claims. Under the circumstances, it appears the *Clark* citation also applies to grounds 1 and 2.  A *Clark* denial is a curable defect.  The *Hagan* citation is also applicable to grounds 1 and 2; a *Hagan* citation indicates the court of appeal refused to consider the third petition because grounds 1 and 2 were also raised in the second petition.

However, with respect to the issue of exhaustion, the Ninth Circuit has held a dismissal for failure to exhaust is inappropriate where a petitioner is not able to state his claims with any greater particularity.  *Kim v. Villalobos*, 799 F.2d 1317, 1319-20 (9th Cir. 1986).  In *Kim*, the Ninth Circuit considered a state petition denied with a citation to *Swain*. The Ninth Circuit held the *Swain* citation indicated the claims were unexhausted because their pleadings defects, i.e., lack of particularity, could have been cured in a renewed petition. *Kim*, 799 F.2d at 1319. However, the Ninth Circuit also stated that it was "incumbent" on the federal district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court.  *Id.* at 1320.  "The mere recitation of *In re Swain* does not preclude such review." *Id.* Indeed, the Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. *Harmon v. Ryan*, 959 F.2d 1457, 1462 (9th Cir. 1992) (citing *Kim*, 799 F.2d at 1321). "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. *Kim*, 799 F.2d at 1320. Therefore, this court must look to the fourth petition filed with the state high court to

Marcus Vegorio Robinson v. J. Walker, warden
CV 10-00422 R (AN)
April 29, 2010
Page 5
================================================================================

determine whether Petitioner complied with the federal standard that he make a fair presentation of his claims for purposes of exhaustion. *Id*.; *see Servin v. Hickman*, No. CIV-S0501343, 2006 WL 1550433 at *4 (E.D. Cal. May 30, 2006) (finding claims exhausted where, despite citation to *Duvall* and *Swain*, the "allegations were sufficient to put the state court on notice of petitioner's claims").

Petitioner clearly satisfied the fair presentation requirement in presenting grounds 1, 2 and 3 to the state high court. Petitioner's express reference to his "federal constitutional right to effective assistance of counsel" as the federal legal theory for each ground fairly presented each claim as a Sixth Amendment ineffective assistance of counsel claim. *See Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347 (2004) (holding "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Additionally, each ground raised in the fourth state habeas petition clearly set forth the operative facts with sufficient particularity. By describing the federal legal theory and operative facts, Petitioner satisfied the fair presentation requirement. *See Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074 (1996) (a claim "must include reference to *a specific federal constitutional guarantee*, as well as a statement of the facts that entitle the petitioner to relief.").

Respondent cites *Kim* in his motion to dismiss. (Motion to Dismiss at 8.) However, Respondent fails to allege or show that grounds 1, 2 and 3 are not fairly presented. Instead, Respondent inaccurately describes grounds 1, 2, and 3 as being presented to the state high court in a manner that suggests Petitioner never fairly presented these claims to the state high court as claims alleging a violation of his federal constitutional rights. (*Id.* at 8:24-28.) As the moving party, it is Respondent, not Petitioner, who has the burden of showing Petitioner did not satisfy the fair presentation requirement in presenting grounds 1, 2 and 3 to the state high court. Respondent has failed to do so and it is quite obvious why he has not made the required showing.

Based upon the foregoing, the court finds that it appears the motion to dismiss was not brought in good-faith, is brought for an improper purpose, and is otherwise interposed for

Marcus Vegorio Robinson v. J. Walker, warden
CV 10-00422 R (AN)
April 29, 2010
Page 6
================================================================================

delay, in violation of Rule 11 (b)(1)-(3).  Accordingly, Respondent shall have until May 6, 2010, to file and serve either: (1) a response to this OSC that shows cause why Rule 11 sanctions should not be imposed against Respondent and Dominguez  for filing a motion to dismiss that is based upon arguments that are factually and legally frivolous; or (2) a notice of withdrawal of the motion to dismiss.  If the motion to dismiss is withdrawn, Respondent shall file and serve his Answer to the Petition on or before June 3, 2010, and Petitioner must file his Reply by July 8, 2010. Alternatively, if the motion to dismiss is not withdrawn and Respondent elects to file a response to this OSC, the court will consider Respondent's response to determine how to proceed.  Petitioner's time to file and serve an opposition to the motion to dismiss is stayed until the court directs otherwise.

cc:	JUDGE REAL
	All Parties					Initials of Deputy Clerk mc